## STATE OF VERMONT

## ENVIRONMENTAL COURT

Appeal of Waters          }
                                }
                                }     Docket No. 186-10-03 Vtec
                                }
                                }

### Decision and Order on Cross-Motions for Summary Judgment

Michael Waters appeals from the September 21, 2003 decision of the Zoning Board of Adjustment (ZBA) of the Town of North Hero, granting approval to Kenneth and Teresa Kajenski to modify their residential dwelling by adding a second story and a basement. The parties each move for summary judgment. Appellant Michael Waters represents himself; Appellee-Applicants Kenneth and Teresa Kajenski (Applicants) are represented by Ronald A. Shems, Esq.; and the Town of North Hero is represented by Richard C. Whittlesey, Esq. The following facts are undisputed unless otherwise noted.

Applicants own a small trapezoidal parcel of property located at 6798 U.S. Route 2 in the Town of North Hero. Route 2 is the western boundary of the property and Lake Champlain is its eastern boundary. Appellant owns the abutting property to the north.

A 24' x 36' house has been located on Applicants' property since approximately 1963, prior to the enactment of the Town's first zoning bylaws in 1972. In 2000 a variance was issued by the ZBA allowing the addition of a 14' x 36' deck on the east side of the house, facing the lake. The variance decision was not appealed, became final, and is not at issue in this appeal; the deck was built in 2001.

The house is located in the northwestern corner of Applicants' lot, at an angle to Route 2 and to Appellant's property line. Based on the diagram in the application, it is oriented so that its front (west) side is located at a distance of from 39 feet to 49 feet from Route 2, and its north side is located at a distance of from 17½ feet (at its northwestern corner) to 42 feet (at the northeastern corner of the deck) from Appellant's property line. Due to this orientation, the northwestern corner of Applicants' house is located, at its closest point, approximately 40 feet from Appellant's house.

Applicants' house is therefore a preexisting, non-complying structure, because it is located closer to Route 2 than the 100-foot setback required by § 402 and because some portion of the house is located closer to Appellant's property line than the 25-foot side setback required by § 402. Applicants' lot is also non-complying in that it is smaller than the minimum lot size required for the district.

Due to the limitations of the soils found in the area, the leach field for the septic system serving Appellant's house is located in the southwest corner of Appellant's front yard, adjacent to

Applicants' property, and extends into the side yard area between Appellant's house and a shed located on Appellant's property near the property line. Appellant is concerned that the proper functioning of his leach field is dependent on evaporation from it, which, in turn, is assisted by sunlight falling on the surface of the ground above the leach field, and that any additional height on Applicants' house would block the sunlight now able[1] to fall on his leach field.

The Zoning Bylaws provide for one type of permit (referred to in the bylaws as a " Building Permit," " Land Use Permit," or simply " Permit" ) to be issued by the Zoning Administrative Officer (Zoning Administrator) under § 225, upon a determination that the proposal complies with the bylaws. Under § 227, if a proposed use or structure requires a Conditional Use Permit, the Administrative Officer is prohibited from issuing the § 225 Permit until the ZBA first grants conditional use approval. Under § 227(E), " [a]ny proposed Conditional Use shall not adversely affect [. . . ] [u]tilization of renewable energy resources." Thus, if conditional use approval were required for Applicants' proposal, the ZBA (and hence this court on appeal) would have to consider whether and to what extent the proposal would block sunlight that otherwise would fall on Appellant's property.

The distinction between a permitted use Permit issued by the Administrative Officer under § 225 and a Conditional Use Permit or approval issued by the ZBA under § 227 is reflected in two subsections of § 275 which address additions to non-complying buildings and structures. Section 275(B) provides that:

[v]ertical additions to non-complying buildings and structures may be allowed by Permit as long as the additions do not extend horizontally beyond the outside walls enclosing the original building, or beyond the perimeter of the original structure.

By contrast, an applicant may still apply for an addition that does not qualify under § 275(B), but such an application must go before the ZBA for conditional use approval under § 275(C), which provides that:

[a]dditions to any non-complying building or structure which was in existence prior to the adoption of Zoning Regulations in North Hero (February 1, 1972) may be allowed by Conditional Use Permit. No portion of any addition can project further into a required setback than the existing building projects. The maximum area of any such addition cannot exceed the greater of 120 sq. ft. or 10% of the building area.

In 2003, Applicants filed an application to the ZBA to add a second story and a basement to their existing residential dwelling. On the application, a check was placed next to " Conditional Use permit or Change of Conditional Use permit," however, the application also stated that the " provision of the zoning ordinance in question" was § 275(B). Section 275(B) requires only a zoning permit from the Administrative Officer, not Conditional Use approval from the ZBA.

Applicants propose to add a second story to their existing house, raising the height of the house to less than thirty feet at the peak, in compliance with the height limitation of § 322. The proposed second story is designed to be wholly within the perimeter of the existing structure, simply raising the roof to add the second story. The second story as proposed includes an

unroofed open deck area in the center of the second story, within the perimeter of the existing structure. A separate balcony, projecting less than four feet from the house wall, is proposed to run along the length of the second story, on the east side of the house facing the lake.

Applicants also propose to construct a basement above 102 feet in elevation. However, the application stated that if the basement were to extend below 102 feet in elevation, it would be flood proofed to meet the requirements of § 370 of the Zoning Bylaw, containing the Flood Plain Regulations.

A hearing before the ZBA was set for September 18, 2003. Notice of the hearing appeared in the local paper, " The Islander," on September 2, 2003. The notice stated: " Hearing: Application #8943-C, applicants Kenneth & Teresa Kajenski, tax map # 05-01-51, located on US Rte 2, is seeking to replace the foundation, add second floor and deck to an existing dwelling." Notice of the hearing was also posted in the town. Adjacent property owners, including Appellant, were notified by regular mail of the application and the time and date of the ZBA hearing. Appellant asserts that he received the notice approximately five days prior to the September 18, 2003 hearing. He attended the meeting and expressed his concerns regarding the potential for loss of privacy and sunlight, his views, blocking of air currents, Applicants' fence, and the potential for additional noise from additional occupants and their watercraft.

At the September 18, 2003 ZBA meeting, all seven board members were present and voted unanimously to approve Applicants' application. The September 21, 2003 written decision stated that, " [b]y action of the majority of the Board of Adjustment, it is found that the activity is permitted." The decision granted approval for the proposed project under § 275(B), and required that " [a]ny horizontal construction beyond the existing footprint must comply with Section 401" and that " [i]f the basement is to be constructed at less than 102 feet of elevation, it must be constructed in compliance with Flood Plain Regulations, see Section 370." The decision was signed by Edward W. Porter, ZBA Co-Chair.

Question 1 of Appellant' s Statement of Questions claims that the ZBA' s written decision is defective " because it wasn' t physically signed by a majority of the North Hero Board of Adjustment." In this case, all seven board members were present and voted on Applicants' application at the September 18, 2003 ZBA meeting. The minutes reflect that the roll-call vote to approve was unanimous. Thus, the ZBA met the majority requirement and the procedures outlined in 24 V.S.A. § 4464(a).

The written decision stated that the conclusion was reached by " action of the majority of the Board of Adjustment." The written decision was signed by one of the two co-chairs of the ZBA. The chairman or vice chairman of a board is authorized by statute to sign a decision that has been approved for issuance by the board, when such decision is required to be in writing. 24 V.S.A. § 1141. Thus, the lack of the signatures of the other members of the ZBA does not render the written decision defective.

Questions 2, 3 and 5 relate to whether the Town provided proper notice of the ZBA hearing on Applicants' application. Questions 2 and 3 claim that the approval should be voided " because appellant had no prior knowledge of the case to be heard and where the town did not share

details of the submitted proposal so that appellant could prepare and argue his case," and because the notice of hearing " did not indicate that the hearing involved either a Conditional Use or Variance review." Question 5 inquires whether the Town " has a responsibility to make a citizen aware that a neighbor applied for a permit . . . so that the citizen may visit the town office and see what it' s all about, prior to being called to a ZBA hearing where a final decision is made without further review."